### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### (Anderson Division)

| | |
|---|---|
| Ralph C. McCullough, as Plan Trustee ) <br> for the estates of HomeGold, Inc., ) <br> HomeGold Financial, Inc., and Carolina ) <br> Investors, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Goodrich & Pennington Mortgage ) <br> Fund, Inc., Advanta Mortgage Corp. ) <br> USA, and Chase Manhattan Mortgage ) <br> Corporation, ) <br> ) <br> Defendants. ) | Civil Action No. 8:05-3354-GRA |

**ORDER ON DEFENDANTS' MOTION TO DISMISS COUNT II OF THE COMPLAINT**

Presently before the Court are the motions filed pursuant to Rule 12(b)(6) by Defendants Advanta Mortgage Corp. USA ("Advanta") and Chase Home Funding, LLC ("Chase"), improperly named as Chase Manhattan Mortgage Corporation, seeking to dismiss Count II of Plaintiff's[1] Complaint for "Negligent/Wrongful Impairment of Collateral," the only claim the Complaint asserts against Advanta and Chase.

For the reasons more fully set forth below, the Court finds that a cause of action for "Negligent/Wrongful Impairment of Collateral" has not been recognized by the South Carolina

---

[1] The Plaintiff is the Plan Trustee for the estates of HomeGold, Inc., HomeGold Financial, Inc. and Carolina Investors, Inc. The Plaintiff was appointed pursuant to the *Amended Joint Plan of Reorganization and Liquidation of HomeGold, Inc., HomeGold Financial, Inc., and Carolina Investors, Inc. as Debtors and Debtors-in-Possession and their Respective Committee of Creditors Holding Unsecured Claims* dated July 30, 2003, as subsequently amended, and orally confirmed on October 9, 2003. The Order of Confirmation was entered on October 16, 2003.

courts and this Court declines to create one. The Court therefore grants Advanta and Chase's motions and dismisses the Complaint with prejudice as to Advanta and Chase.

## I.     FACTUAL BACKGROUND / ALLEGATIONS OF THE COMPLAINT

Plaintiff's Complaint alleges the following facts, which must be taken as true for present purposes under Rule 12(b)(6).[2] In 1999, HomeGold Financial, Inc. ("HomeGold") loaned approximately $1,000,000 to Defendant Goodrich & Pennington Mortgage Fund, Inc. ("G&P"). (See Complaint ¶¶ 11, 13, 14, 16). As collateral for the loan, G&P granted HomeGold a security interest in G&P's contractual right to receive payments under a series of agreements between G&P and Advanta that involved, among other things, Advanta servicing[3] certain mortgages originated by G&P (the "G&P Mortgages"). (See Complaint ¶¶ 12, 21-22). According to Plaintiff, G&P's right to receive money under these agreements was "directly correlated to Advanta's collection efforts and servicing" of the G&P Mortgages. (See Complaint ¶¶ 12, 21-22). Plaintiff further claims that on or about February 28, 2001, Chase was appointed as Advanta's "attorney and agent-in-fact" for servicing of the G&P Mortgages. (See Complaint ¶ 28, Exhibit J, at 3, para. 2(a)).

Plaintiff's main allegation against Advanta and Chase is that they each failed to appropriately service the G&P Mortgages, that said failure resulted in a loss of the value of G&P's right to receive payments under its contracts with Advanta, which in turn diminished the value of that right, and caused damage to HomeGold because it impaired the security interest it

---

[2] In considering the instant motion to dismiss, the Court has "view[ed] the facts in the light most favorable to the non-moving party." *Colleton Regional Hospital v. M.R.S. Medical Review Systems, Inc.*, 866 F. Supp. 891, 894 (D.S.C. 1994). "All allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the plaintiffs." *SCE&G v. Westinghouse Electric*, 826 F. Supp. 1549, 1553 (D.S.C. 1993); *see also Mylan Laboratories, Inc. v. Matkan*, 7 F.3d 1130 (4th Cir. 1993). For this reason, no part of this Order should be construed as making any factual finding or binding statement of fact.

[3] It appears from the Complaint that "servicing" mortgage loans involves, *inter alia*, efforts to collect money due under the mortgages and taking appropriate action when the borrower on a mortgage loan defaults on the obligation to pay. (See Complaint ¶¶ 26, 33).

had in G&P's contractual right. (See Complaint ¶¶ 33-34). Significantly, however, Plaintiff's Complaint does not allege any contract or direct commercial relationship between HomeGold and either Chase or Advanta.

## II.     THE INSTANT MOTIONS

Chase and Advanta now move pursuant to Rule 12(b)(6) to dismiss the sole claim against them because, inter alia, the sole cause of action in Plaintiff's Complaint, styled as "Negligent/Intentional Impairment of Collateral" fails to state a claim upon which relief can be granted. (See Chase's Motion to Dismiss, January 18, 2006; Advanta's Motion to Dismiss, January 23, 2006).[4]

## III.    DISCUSSION

### A.     Standard

A motion to dismiss "tests the sufficiency of a Complaint." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering such a motion, "[t]he Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, Rule 12(b)(6) is "not without meaning." *Migdal v. Row Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325 (4th Cir. 2001). Among other things, dismissal of a complaint should be granted when the complaint is not based on a cognizable legal theory. *See*, *e.g.*, *Hatfield v. Control Sys. Int'l*, 21 F. Supp. 2d 546, 551 (D.S.C. 1997) (granting motion to dismiss); *see also Quraishi v. Shalala*, 962 F. Supp. 55, 57 (D. Md. 1997) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.")).

---

[4] Because the Court grants Defendants' Motions to Dismiss on this basis, it does not reach a determination on the other grounds raised in the Motions to Dismiss.

### B.  Negligent / Wrongful Impairment of Collateral is Not a Cognizable Legal Theory

Advanta and Chase argue that no court in South Carolina has recognized a cause of action for "negligent/wrongful impairment of collateral."[5] They further urge that even if this Court were to consider creating such a cause of action sounding in negligence, it must fail because Plaintiff has not alleged facts sufficient to establish that Advanta or Chase owed a duty to HomeGold or Plaintiff.

Plaintiff responds that although the courts of South Carolina have not recognized a cause of action for impairment of collateral, they also have not rejected such a cause of action. Plaintiff further contends that Chase and Advanta have a duty to HomeGold because it is a foreseeable plaintiff who could be harmed by the conduct alleged in the Complaint. Thus, according to Plaintiff, "the 'key inquiry' under South Carolina law is foreseeability." (See Plaintiff's Mem. Opp. at 7).

The Fourth Circuit Court of Appeals has directed that federal courts "rule upon state law as it exists and do not surmise or suggest its expansion." *Burris Chem. Inc. v. USX Corp.*, 10 F.3d 243, 247 (4th Cir. 1993). It is therefore not this Court's role to "participate in an effort to change state law" by creating new causes of action. *Id.* In *Burris*, the Fourth Circuit therefore held it is reversible error for a district court to expand state common law to recognize a new cause of action previously unarticulated by the state courts. *Id.*

None of the parties has cited, and the Court has not found, any South Carolina case that recognizes a cause of action for impairment of collateral, either negligent or intentional.[6] In fact,

---

[5] Absent choice of law issues, none of which have been raised by any party, a District Court applies the law of the state in which it is sitting. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[6] The only case cited or found in any jurisdiction that contemplates such an action in any manner is *Baldwin v. Marina City Props., Inc*, 79 Cal. App. 3d 393, 403-404 (1978). *Baldwin*, however, unlike the matter at hand, involved parties who had a pre-existing relationship and were in privity of contract. Additionally, it should be

"impairment of collateral" appears only to be a defense under South Carolina law. *D.R. Allen & Son, Inc. v. Harwal, Inc.*, 414 S.E.2d 805, 807 (S.C. Ct. App. 1992). Accordingly, this Court is not inclined to contravene the Fourth Circuit's command and create a new cause of action where none presently exists.

Moreover, if the Court were to consider creating a cause of action for negligent impairment of collateral, the Court would have to find "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach." *Andrews v. Piedmont Air Lines*, 377 S.E.2d 127 (S.C. Ct. App. 1989). Without reaching the other elements of this test, the Court finds that Advanta and Chase owe no duty to HomeGold or any of the entities that Plaintiff represents. "An affirmative duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." *Carson v. Adgar*, 486 S.E.2d 3 (S.C. 1997). In addition, "where the relationship is 'too attenuated,' a duty will not arise." *In re W. Ryan Hovis*, 325 B.R. 158, 167 (Bankr. D.S.C. 2005) (*quoting Ravan v. Greenville County*, 315 S.C. 447, 467 (1993)). Thus, the South Carolina Supreme Court has emphasized that "[t]he concept of duty in tort liability will not be extended beyond reasonable limits." *Huggins v. Citibank, N.A.*, 355 S.C. 329, 585 S.E.2d 275, 277 (2003).

Although the Plaintiff asks the Court to defer ruling on this question until there is more of a "factual record," the "question of whether a defendant owes a duty, the breach of which may constitute negligence, is . . . a question of law, not of fact." *Whitfield v. John Bourne Co.*, 16 Fed. Appx. 116, 126-27 (4th Cir. 2001). Thus, in the absence of legal authority establishing a duty, a court properly finds that there is no duty and no cause of action can lie. *Id.*

---

noted that *Baldwin*, which is not from California's highest court, has not been cited by any other California court for the proposition that a secured creditor may maintain a cause of action against a third party for negligent / wrongful impairment of collateral.

Here, there is no contractual or other relationship between HomeGold and either Advanta or Chase. Rather, Advanta had a contractual relationship with G&P, which in turn received a loan from HomeGold. Chase only had a contract with Advanta and no alleged interaction with HomeGold. Under these circumstances, the connection between Advanta and Chase on the one hand and HomeGold on the other is simply too attenuated to support a legally enforceable duty. *See also Andrade v. Johnson*, 356 S.C. 238 (2003); *Carson v. Adgar*, 326 S.C. 212 (1997); *Araujo v. Southern Bell Telephone and Telegraph Co.*, 291 S.C. 54 (S.C. App.1 986); *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220 (4th Cir. 2002). Nothing in Plaintiff's Complaint supports finding a special relationship or any other basis that could give rise to a duty owed by Advanta or Chase to HomeGold.

Finally, although the Plaintiff is correct that foreseeability is a factor in determining the existence of the duty, the South Carolina Supreme Court has made clear that foreseeability alone is not sufficient to support the imposition of a duty in tort. *Huggins.*, 355 S.C. 329, 585 S.E.2d 275, 277 (2003). The *Huggins* court therefore declined to entertain an action for "negligent enablement of imposter fraud" even though the plaintiffs were foreseeable. There must be something more, and in this case Plaintiff's allegation that HomeGold is a foreseeable plaintiff is simply not sufficient.

## IV.    CONCLUSION

For the reasons set forth, it is ORDERED, ADJUDGED, AND DECREED, that Advanta and Chase's Motions to Dismiss are hereby GRANTED.  Count II of Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE and the Complaint is hereby dismissed as to Defendants Advanta and Chase.

AND IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
May   22  , 2006.